UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY RICHARDSON, JR.,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-1712 |
| SEACOR LIFEBOATS, LLC,<br>    Defendant | SECTION: "E" (1) |

## ORDER

Before the Court is Defendant SEACOR Liftboats, LLC's ("SEACOR") Motion *in Limine* to Exclude the Opinions, Report, and Anticipated Testimony of the Plaintiff's Liability Expert, Jack Madeley.[1] Plaintiff Anthony Richardson, Jr. opposes SEACOR's motion.[2] The Court has considered the arguments of counsel and the applicable law. For the reasons that follow, SEACOR's Motion *in Limine* is **GRANTED IN PART** and **DENIED IN PART**.[3] The Court will permit Mr. Madeley to testify as Plaintiff's liability expert, subject to the restrictions set forth below.

## LAW & ANALYSIS

When expert testimony is challenged, the burden of proof rests with the party seeking to present the testimony to show by a preponderance of the evidence that the expert's testimony satisfies Rule 702 of the Federal Rules of Evidence.[4] Rule 702 permits an expert witness with "scientific, technical or other specialized knowledge" to testify in the form of an opinion or otherwise if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and

---

[1] R. Doc. 24.
[2] R. Doc. 25.
[3] R. Doc. 24.
[4] *Moore v. Ashland Chem.*, Inc., 151 F.3d 269, 276 (5th Cir. 1998).

1

methods," and "the expert has reliably applied the principles and methods to the facts of the case."[5]

"The Supreme Court's landmark case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.* provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence."[6] District courts are required to act as gatekeepers to "oversee[] the admission of scientific and non-scientific expert testimony" in order to make a preliminary assessment of "whether the expert testimony is both reliable and relevant."[7] The district court is afforded broad latitude in making such expert testimony determinations.[8] With respect to determining the relevancy of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed "expert testimony must be relevant, not simply in the sense that all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue."[9]

Plaintiff hired Mr. Madeley to testify about "all aspects of liability."[10] Mr. Madeley's expert report contains the following written opinions:

1. It appears the crane operator failed to safely operate the crane and lower the personnel basket at a proper speed.
2. It appears that SEACOR failed to ensure its crane operator operated the crane safely.
3. The SEACOR crane operator failed to comply with API 2D-1984 section 2.4.3e and 46 CFR 109.521 ("API violations").

---

[5] Fed. R. Evid. 702.
[6] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)).
[7] *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 583–84 (5th Cir. 2004) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert*, 509 U.S. at 589, 592–93).
[8] *See Kumho Tire*, 526 U.S. at 151–53.
[9] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) (citing *Daubert*, 509 U.S. at 592).
[10] R. Doc. 20.

    4. SEACOR failed to ensure safe operations on its vessel.

    5. The above listed unreasonably dangerous conditions, management decisions, failures, deficiencies and associated negligent acts of commission or omission, on the part of SEACOR, related to the issues discussed in this report, were to a reasonable degree of engineering probability more than likely producing and proximate causes of the incident and related injuries that occurred to Anthony Richardson, Jr.[11]

The Plaintiff points out, and the Court notes, that SEACOR does not challenge Mr. Madeley's qualifications as an expert witness. However, SEACOR seeks to exclude Mr. Madeley's opinions, report, and testimony for two reasons:

    1. His opinions are based merely on common sense and do not bring any greater insight to the case than that possessed by the average person.

    2. He offers impermissible conclusions of fact and law that are far beyond the province of expert testimony.[12]

SEACOR first argues Mr. Madeley's testimony as a whole should be excluded because his opinions are based merely on common sense—not on any scientific or technical knowledge.[13] Thus, his testimony will not aid the fact finder since it will not bring any greater insight to the case than that possessed by the average person.[14] Plaintiff responds by arguing it is unlikely a layperson has experience with and/or understands the safety issues Mr. Madeley is expected to address concerning personnel basket transfers by crane, industry standards for performing such transfers, and whether SEACOR complied with those industry standards.[15] Additionally, Plaintiff notes

---

[11] R. Doc. 24-2 at pp. 2–3.
[12] R. Doc. 24 at p. 1.
[13] R. Doc. 24-1 at p. 4.
[14] *Id.* at pp. 6–7.
[15] R. Doc. 25 at p. 2. Plaintiff argues "[i]t is unlikely that a layperson has experience with and/or understands: (1) how a personnel basket transfer is conducted offshore; (2) whether it is difficult for a reasonable crane operator to land the basket softly on the deck of a crew boat dozens of feet below him; (3) whether the seas were too rough to carry out the basket transfer; (4) whether it is likely that the upward "jerk" of the basket after it had been landed on the deck was caused by crane operator error or caused by the boat "bobbing" down with the waves; (5) the normal practice that passengers should use while disembarking from a personnel basket; and (6) whether (and under what circumstances) it might be reasonable for workers riding on the basket to try to "jump" off before it hits the deck. *Id.* at pp. 3–4.

3

SEACOR has hired a liability expert to testify about these topics, which undercuts SEACOR's argument that Mr. Madeley's opinions are within the common knowledge of the fact finder.[16] Plaintiff also contends that because this case is set as a bench trial, the concerns of potential jury confusion are not present and Mr. Madeley should be permitted to testify.[17]

The Court recognizes the conflicting rulings in the personnel basket transfer cases cited by both parties regarding the admissibility of liability experts' testimony.[18] However, the admissibility of an expert opinion is taken on a case-by-case basis, considering the facts of each individual case, the proferred expert report and opinions, and the issue of whether that report will assist the trier of fact in its resolution of issues particular to that individual case.

There is no jury demand in this case, meaning the Court is the trier of fact. "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district court judge sits as the trier of fact in place of a jury."[19] "*Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves."[20] Even still, the Court should be mindful that expert testimony

---

[16] *Id.* at p. 1.
[17] *Id.*
[18] *Compare Stevens v. Energy XII GOM, LLC*, 2013 WL 4051036, at *4 (M.D. La. Aug. 9, 2013) (finding a liability expert's "knowledge and expertise in the area of crane operations could aid the jury in understanding the facts in dispute"), *Henson v. Odyssea Vessels, Inc.*, 2008 WL 449726 at *3–4 (E.D. La. Feb. 15, 2008) (finding liability experts' testimony would be helpful to the trier of fact), *and Sorcic v. Sea Horse Marine, Inc.*, 1998 WL 175897 at *2 (E.D. La. Apr. 13, 1998) (finding liability experts could testify because it would assist the trier of fact in understanding the matter), *with Johnson v. Pool Co. of Texas*, 1994 WL 643113, at *2 (E.D. La. Nov. 14, 1994) (finding a liability expert was unnecessary to assist the finders of fact), *and Pope v. Chevron U.S.A., Inc.*, 1994 WL 179938, at *3 (E.D. La. Apr. 28, 1994) (finding expert testimony was unnecessary for the jury to decide whether conduct was reasonable).
[19] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[20] *Thompson v. Rowan Cos.*, No. 06-3218, 2007 WL 724646, at *1 (E.D. La. 2007) (Barbier, J.) (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003)).

4

should be excluded if the Court finds the proferred testimony deals only with common sense issues that the Court, in its role as trier of fact, needs no expert assistance to resolve.[21]

The Court finds Mr. Madeley's knowledge and expertise in the areas of crane operations and personnel basket transfers will be helpful to the Court in understanding the facts presented in this case. Because this is a bench trial, and thus most of the objectives of *Daubert* are not implicated, Mr. Madeley will be permitted to testify. The Court, as factfinder, will give Mr. Madeley's expert testimony the weight it deserves. Nevertheless, pursuant to Federal Rule of Civil Procedure 26, Mr. Madeley's testimony will be limited to the opinions expressed in his expert report and/or discussed in his deposition concerning the safety issues presented when conducting personnel basket transfers by crane, industry standards for performing such transfers, and whether SEACOR complied with those industry standards.[22]

SEACOR also argues the Court should exclude Mr. Madeley's legal opinions regarding SEACOR's negligence and API violations.[23] Specifically, SEACOR states Mr. Madeley "provides his opinions on the relevant law and how it should be applied in this case to fix responsibility for this accident" when "[h]e opines that SEACOR had a duty of 'reasonable care' and 'proper supervision' to protect against 'unreasonably dangerous conditions'" and that he makes an impermissible legal conclusion when he opines "that SEACOR was negligent and that its negligent acts were the proximate causes of the

---

[21] *See, e.g., Thomas v. Global Explorer, LLC*, 02-1060, 2003 WL 943645, at *2 (E.D. La. 2003); *see also Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).
[22] *See* Fed. R. Civ. P. 26; *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994) (stating the basic purpose of Rule 26 is "preventing prejudice and surprise").
[23] R. Doc. 24-1 at pp. 7–8.

[Plaintiff's] injuries."[24] Additionally, SEACOR contends Mr. Madeley's conclusion that the crane operator failed to comply with two API standards should be excluded.[25]

Under Rule 704 of the Federal Rules of Evidence, expert "'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.' Nevertheless, an expert may never render conclusions of law."[26] "Rule 704, however, does not open the door to all opinions.[27] Questions that tell the fact finder what result to reach or that allow a witness to give legal conclusions are impermissible because they usurp the role of the trier of fact.[28] The decision to admit expert opinion testimony is made on a case-by-case basis. Most importantly, the testimony must aid the trier of fact in making a decision without substituting the expert's judgment for that of the trier of fact.[29] Expert testimony that avoids words with specialized legal meaning is more likely to be admissible than testimony using legally specialized terms because the former enables the fact finder to make its own informed determination rather than intruding on the fact finder's role to apply the law to the facts before it.[30]

The Court finds Mr. Madeley's opinions will be helpful to the Court and are not impermissible conclusions of law. Mr. Madeley will be allowed to testify about the reasonable standard of care concerning crane operations and conducting personnel

---

[24] *Id.* at p. 7.
[25] *Id.* at p. 8.
[26] *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) (internal citations omitted) (quoting Fed. R. Evid. 704). For example, "[t]he question 'Did T have capacity to make a will?' should be excluded," but "[t]he question 'Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?' is permissible." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (quoting Fed. R. Evid. 704 advisory committee's note). *See also Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006).
[27] *Owen* 698 F.2d at 240.
[28] *Id. See also United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991).
[29] *See United States v. Duncan*, 42 F.3d 97, 101–02 (2d Cir. 1994).
[30] *See id.*

basket transfers and, in his opinion, whether SEACOR met that standard of care. This includes Mr. Madeley's opinion on applicable API standards and whether SEACOR complied with those standards.[31] However, Plaintiff is cautioned that Mr. Madeley may not usurp the Court's role as fact finder by testifying about his opinions on whether SEACOR was negligent or the legal cause of the accident because these are legal conclusions for the fact finder to make.[32]

SEACOR further contends Mr. Madeley offers impermissible factual conclusions that are based on an incomplete foundation since he reviewed only certain documents, including the written statements of the Plaintiff and a co-worker, but did not review contradictory reports of others or the plaintiff's deposition testimony.[33] "[D]isputes as to the factual basis of an expert opinion go to the weight of that opinion, not its admissibility, and are ripe for cross-examination."[34] Further, "[s]imply disagreeing with the underlying facts relied on by an expert is not grounds for excluding that expert

---

[31] *See Baham v. Nabors Drilling USA, LP*, 721 F. Supp. 2d 499, 513 (W.D. La. 2010) *aff'd sub nom. Baham v. Nabors Offshore Corp.*, 449 F. App'x 334 (5th Cir. 2011) ("Violations of . . . API standards are . . . not legislative enactments, laws or regulations. Nevertheless, in some cases, those standards might be applicable to establish the standard of care under a general negligence analysis." (citations omitted)).

[32] *See Jacobs v. N. King Shipping Co.*, No. 97-772, 1998 WL 28234, at *2 (E.D. La. Jan. 23, 1998) (Clement, J.) (stating blanket legal conclusions regarding negligence are an inappropriate subject for expert testimony); *Owen*, 698 F.2d at 240 (affirming the district court's ruling and stating "the court was well justified in concluding that the attorney's question sought from the witness his opinion as to the *legal*, not a factual, 'cause of the accident.' This is so because there was no dispute in the evidence as to the factual cause of the mishap: [the plaintiff] ran into the pipeline with his bulldozer. Thus, this makes it obvious that the attorney was asking the witness to opine that [the plaintiff] was contributorily negligent. Whether or not [the plaintiff's] acts were the 'cause of the accident' is the issue the jury must resolve after appropriate legal instructions by the court. That the attorney was seeking a legal conclusion is also made clear by the question he asked after the court's ruling: 'Mr. Stone, the past two days we have heard any number of witnesses who profess to be experts in the field of dirt contracting or land clearing, and I believe, if I recall correctly, and I think I do, their testimony was to the effect that they would notice a road crossing and then look for some signal, a turn indicator, a post or a painted fence, whereby they make a determination as to whether or not they are going to be working close to a pipeline, and they would go on and do their work. Do you consider that, with your expertise, safe practice?' This question, directly addressed to whether Owen was following proper practices, seeks a factual, not a legal, conclusion. Owen's counsel objected to the question. The court correctly overruled that objection").

[33] R. Doc. 24-1 at p. 2.

[34] *Martinez v. Offshore Specialty Fabricators, Inc.*, No. 08-4224, 2011 WL 820313, at *3 (E.D. La. Mar. 2, 2011) (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004)).

under *Daubert*.[35] Accordingly, SEACOR may attempt to prove at trial that the accounts of the incident made by the Plaintiff and his co-worker are inaccurate or inconsistent and cross-examine Mr. Madeley regarding those disputed assumptions.

Defendant SEACOR also seeks to exclude Mr. Madeley's expert report. Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted.[36] As discussed above, Mr. Madeley may testify at trial about the contents of his report, but the report itself is inadmissible hearsay. Accordingly, the motion is granted to the extent it seeks to exclude Mr. Madeley's expert report.

## CONCLUSION

For the reasons set forth above, the Motion *in Limine* to Exclude the Opinions, Report, and Anticipated Testimony of the Plaintiff's Liability Expert is **GRANTED IN PART** and **DENIED IN PART** as set forth above.[37]

New Orleans, Louisiana, this 11th day of May, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] *Id.*
[36] *See* Fed. R. Evid. 801(c); *see also Versai Mgmt. Corp. v. Landmark Am. Ins. Corp.*, No. 11-2139, 2013 WL 681902, at *1 (E.D. La. Feb. 22, 2013); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 478 (E.D. La. 2007).
[37] Of course, the Court retains the ability to limit or control the scope of Mr. Madeley's testimony at trial. *See* Fed. R. Evid. 611(a); *Henson v. Odyssea Vessels, Inc.*, No. 07-613, 2008 WL 449726, at *4 (E.D. La. Feb. 15, 2008).