UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY RICHARDSON, JR. | CIVIL ACTION NO. 2:14-cv-01712 |
| | SECTION E (1) |
| VERSUS | |
| | JUDGE MORGAN |
| SEACOR LIFTBOATS, LLC | MAGISTRATE SHUSHAN |

## PRE-TRIAL ORDER

**1.    PRE-TRIAL CONFERENCE DATE**

The Pre-Trial Conference is scheduled for May 22, 2015 at 3:30 p.m.

**2.    COUNSEL OF RECORD**

Cory D. Itkin
Noah Wexler
Kelly Woods
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas  77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
**COUNSEL FOR ANTHONY RICHARDSON, JR.**

Timothy W. Hassinger
Patrick J. Schepens
GALLOWAY, JOHNSON, TOMPKINS, BURR AND SMITH
#3 Sanctuary Boulevard, 3rd Floor
Mandeville, Louisiana 70471
**COUNSEL FOR SEACOR LIFTBOATS LLC**

**3.    DESCRIPTION OF THE PARTIES**

**PLAINTIFF:**

Anthony Richardson, Jr. has asserted ordinary negligence claims pursuant to the general

maritime law.

**DEFENDANT:**

SEACOR Liftboats, LLC operated the SEACOR INTERVENTION and employed the crew of the liftboat on April 21, 2013.

**4.    JURISDICTION**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 because this is a maritime case involving a personnel transfer between two vessels on navigable waters.  Personal jurisdiction is not contested.

**5.    PENDING MOTIONS**

There are no motions pending at this time.

**6.    SUMMARY OF THE FACTS**

**PLAINTIFF:**

Plaintiff Anthony Richardson was being transferred via personnel basket from Defendant's lift boat to a crew boat.  Defendant's crane operator lowered the personnel basket down to the deck of the crew boat at an unsafe speed.  After slamming the basket on the deck, he then jerked the personnel basket back into the air.  Plaintiff was injured during these occurrences.

As a result of the incident, Richardson has been barred from returning to work by his treating physicians, has incurred medical and pharmaceutical expenses, and has also suffered physical pain, mental anguish and emotional distress.

**DEFENDANT:**

**A.    THE PLAINTIFF PREMATURELY JUMPED FROM THE PERSONNEL BASKET.**

The Plaintiff, Anthony Richardson, filed suit against SEACOR for injuries he allegedly sustained during a personnel basket transfer from the SEACOR INTERVENTION to the crewboat M/V CHASE.  In sum, the Plaintiff claims that during a crew change on April 21,

2013, a clear day with calm seas, the crane operator inexplicably dropped a personnel basket in a "free fall" 8 to 10 feet and slammed it onto the deck of the crewboat.  Then, the Plaintiff claims the crane operator suddenly jerked the basket back into the air with his leg caught in the net. Importantly, both the Plaintiff's expert and SEACOR's expert agree that the hydraulic crane used at the time of the transfer is physically incapable of free falling a load.  Thus, the story that the Plaintiff never reported initially—and has now told countless times to several doctors and experts—was simply manufactured for this case.

What actually occurred on the day of the incident was much less dramatic.  As SEACOR's crane operator testified, the Plaintiff simply jumped or stepped off the basket while it was stopped a foot or two above the deck.  Importantly, this account of the incident has been verified by independent eyewitnesses both on the liftboat and the crewboat.

Meanwhile, the Plaintiff was an experienced hand with Greene's Energy Group who was trusted with supervising a new trainee at the time.  As a result, the Plaintiff was well versed with how to safely perform a personnel basket transfer.  And even he agreed it would be unsafe to step off the basket before it reached the deck.  Yet, the evidence and testimony establishes that is precisely what he did.

### B.   AT MOST THE PLAINTIFF SUSTAINED SOFT TISSUE INJURIES THAT HEALED WITHIN A MATTER OF MONTHS.

Immediately after the incident, the Plaintiff denied any injuries, which led SEACOR to classify the event as a "near miss."  A couple of weeks later, however, the Plaintiff presented to a chiropractor with reports of right hip and low back pain.  After an initial round of physical therapy that primarily focused on his hip pain, the Plaintiff was referred to an orthopedic surgeon, Dr. John Sledge.  For the next several months, Dr. Sledge treated the Plaintiff

conservatively with injections and pain medications, before recommending a discogram—a controversial test that even the Plaintiff's present orthopedic surgeon does not rely on.

Following the recommendation, the Plaintiff's worker's compensation carrier arranged for a second medical opinion with Dr. Douglas Bernard on December 26, 2013.  Dr. Bernard reviewed the Plaintiff's lumbar MRI, which he described as within normal limits, and reported that the Plaintiff's physical exam was "very normal," and there was "no physical, clinical, or radiographic evidence of any significant injury."  Accordingly, he diagnosed the Plaintiff with a minor strain of his lower back and right hip, opined that the Plaintiff was at MMI could return to work.  Importantly, Dr. Bernard also reported that a discogram was not warranted and could potentially be harmful.

### C.   THE PLAINTIFF UNDERGOES PHYSICAL THERAPY, IS PAIN FREE, AND ABLE TO ENGAGE IN ACTIVITIES THAT MANY CANNOT PERFORM.

A few months later, the Plaintiff returned to Dr. Sledge, who then recommended physical therapy to treat his low back and leg pain.  And from May 2, 2014 to June 30, 2014, the Plaintiff attended 12 sessions of physical therapy with positive results.  Indeed, by May 22, 2014, the Plaintiff reported to his therapist that he was pain free.  With this improvement, the Plaintiff reported that he was able to start a modified P90x fitness program at home, ride his bike 2.5 miles, run stadiums, jog, and perform agility drills, along with squats and lunges.

As his therapist testified, when he last saw the Plaintiff on June 30, 2014, he was very pleased with the outcome and expected the Plaintiff to return to work.  But just five days earlier, the Plaintiff returned to see Dr. Sledge and relayed a different story.  While he reported improvement with his back pain, the Plaintiff complained that his low back and leg pain persisted, which again is contrary to his reports to his therapist of no pain.  Considering these continued complaints of pain, Dr. Sledge recommended an additional round of physical therapy.

### D.     A Second Doctor Releases the Plaintiff to Return to Work.

One week after Dr. Sledge ordered additional physical therapy, the Plaintiff was seen by Dr. Stanley Foster for an independent medical examination at the direction of the U.S. Department of Labor.  During that visit, he reported aching lower back pain that "comes and goes" and was slowly getting better with physical therapy.  And while he confirmed that his right hip was healed and had no further pain, the Plaintiff reported occasional numbness into his left leg and foot.  Based on his examination and review of the Plaintiff's records, Dr. Foster diagnosed the Plaintiff with a lumbar sprain/strain that was superimposed on top of degenerative changes in his lumbar back.  In turn, the Plaintiff had sufficient time to heal and was placed at MMI.  Importantly, Dr. Foster agreed with Dr. Bernard that a discogram was unnecessary and that the Plaintiff could return to work in his previous occupation.

### E.     The Plaintiff's Attorney Refers Him to a new Doctor

A few months after Dr. Sledge's request for additional physical therapy was denied by the comp carrier, the Plaintiff's attorney referred him to Dr. Paul Fenn, an orthopedic surgeon in Lafayette, Louisiana who no longer performs back surgeries.  Importantly, Dr. Fenn admitted that the Plaintiff's lumbar MRIs confirm that he did not sustain any acute injuries and only revealed minimal facet arthropathy (or arthritis) at L5-S1.  Meanwhile, even Dr. Fenn agreed that the Plaintiff has been capable of at least sedentary to light-duty work for at least six months.  Of course, the Plaintiff has made no efforts to return to work in any capacity since the incident.

### F.     Independent Medical Exam of Dr. Gordon Nutik.

Dr. Nutik examined the Plaintiff with respect to his back and right hip, and reviewed his lumbar and hip MRIs and medical records.  Dr. Nutik opines that the Plaintiff may have sustained a low back and right hip strain due to the incident, but the recent cervical and lumbar

MRIs confirm that he sustained no disc herniations or other acute injury, and has only minimal degenerative change in his lumbar facet joints.  In sum, Dr. Nutik agrees that the Plaintiff is at MMI, needs no future treatment, and can return to work without restrictions.

**7.   UNCONTESTED MATERIAL FACTS**

1.     On April 21, 2013, SEACOR Liftboats LLC was the operator of the SEACOR INTERVENTION.

2.     On April 21, 2013, SEACOR Liftboats LLC employed the crane operator, Jed Johnson.

3.     The hydraulic crane used during the personnel transfer is not capable of free-falling a load.

4.     At the time of the personnel basket transfer on April 21, 2013, visibility was clear, and the winds and seas were calm.

5.     The sea and weather conditions at the time of the incident were appropriate for performing the personnel basket transfer.

6.     Dr. Douglas Bernard provided an IME opinion to Plaintiff's workers' compensation carrier that Plaintiff could return to full-duty work on December 26, 2013.

7.     On July 2, 2014, Dr. Stanley Foster provided an IME opinion to Plaintiff's workers' compensation carrier that Plaintiff was capable of full-duty work.

8.     The Plaintiff currently has no recommendation for any surgical intervention.

**8.   CONTESTED MATERIAL FACTS**

1.     Whether Defendant was negligent in its operation of the personnel basket. Specifically, whether Defendant's crane operator lowered the basket at an unsafe speed and whether he prematurely lifted the basket before Plaintiff had disembarked from it.

2.     Whether the crane operator lowered the personnel basket in a free fall and slammed the basket on the deck of the M/V CHASE during the personnel transfer on April 21, 2013.

3.     Whether the crane operator jerked the personnel basket into the air with the Plaintiff's leg caught in the netting after the basket landed on the deck of the M/V CHASE.

4.      Whether the Plaintiff jumped or stepped off the personnel basket before it landed on the deck of the M/V CHASE.

5.      Whether the other passengers on the personnel basket, Carlos Herbert and Randy Rodriguez, jumped or stepped off the basket before it landed on the deck of the M/V CHASE.

6.      Whether the personnel basket was stopped when the Plaintiff jumped or stepped off the basket.

7.      Whether the deckhand of the M/V CHASE maintained control over the tagline of the personnel basket during the transfer.

8.      Whether the Plaintiff's treatment was due to pre-existing degenerative conditions that pre-dated the incident of April 21, 2013.

9.      The cause, nature, and extent of the Plaintiff's pre-existing medical conditions.

10.     The cause, nature, and extent of the Plaintiff's alleged injuries and/or disability.

11.     Whether the Plaintiff's alleged injuries are causally related to the alleged incident on April 21, 2013.

12.     The Plaintiff's ability to return to work and/or future disability, if any, that was caused by the alleged incident on April 21, 2013.

13.     Whether the Plaintiff has the ability to work.

14.     The jobs that are available for the Plaintiff to perform.

15.     The Plaintiff's future employment prospects.

16.     The wages and/or salaries that are available for the Plaintiff to receive.

17.     The value of the Plaintiff's past and future wage losses, if any, causally related to the incident of April 21, 2013.

18.     Whether and to what extent the Plaintiff suffered injuries as a result of the incident of April 21, 2013.

19.     The amount of the Plaintiff's damages, if any, causally related to the incident of April 21, 2013.

20.     Whether the medical bills incurred by the Plaintiff after April 21, 2013, for his neck and back were reasonable and necessary, and casually related to the incident.

21.     Whether the Plaintiff has mitigated his damages by failing to return to work and/or seeking re-employment.

22.     Whether the Plaintiff has returned to work since the alleged incident.

23.     Whether the Plaintiff has reached maximum medical improvement.

24.     Whether it is too speculative to attempt to quantify the cost of the Plaintiff's future medical treatment, if any.

25.     It is unsafe to step or jump off of a personnel basket before it lands on the deck.

26.     The day of the incident, the Plaintiff denied needing any medical treatment and did not report any injury to his back.

27.     By May 22, 2014, the Plaintiff reported to his physical therapist that he was pain free.

28.     According to Dr. Fenn, the Plaintiff has been capable of sedentary to light-duty work since at least November of 2014.

29.     The Plaintiff's post-incident lumbar MRIs do not show any herniated discs, nerve compression, or other acute injuries.

30.     Whether the Plaintiff was comparatively negligent.

31.     Whether the Plaintiff's comparative negligence, in whole or in part, was the legal cause of the incident on April 21, 2013, and/or the Plaintiff's injuries.

32.     Whether the alleged incident on April 21, 2013 was the legal cause of the Plaintiff's injuries and/or damages.

33.     Whether SEACOR Liftboats, LLC, or persons for whom it was responsible for, were negligent at any relevant time.

34.     Whether any negligence of SEACOR Liftboats, LLC was the legal cause of the Plaintiff's injuries and/or damages.

35.     The damages to which the Plaintiff is entitled, if any.

36.     All issues of fact implicit in the issues of law below.

9.   **CONTESTED ISSUES OF LAW**

    1.    The parties do not believe they have any disagreements as to the law that governs this case.  However, to the extent any issues of law are present in the contested factual issues set forth above, those issues are contested.

10.   **EXHIBITS**

**PLAINTIFF:**

Plaintiff may introduce the following exhibits at trial:

    1.    Greene's First Report of Incident (D000002)
*Objection: Hearsay.*

    2.    Seacor Safety Meeting Log (D000010-D000012)

    3.    Greene's Energy Employee File of Anthony Richardson (D000014-D000125)

    4.    Seacor Liftboats LLC Standard Operating Procedures (D000127-D000128)

    5.    Written Statement of Anthony Richardson (D000130-D000131)

    6.    Written Statement of Carlos Herbert (D000132)
*Objection: Hearsay.*

    7.    Master Time Charter Agreement (D000280-D000293)

    8.    Seacor Lift Boat Daily Master's Invoice Log (D000295-D000343)

    9.    Seacor Behavioral Job Safety & Environmental Analysis (D000345-D000448)

   10.    Seacor Behavioral Job Safety & Environmental Analysis dated 04/21/2013 (D000450-D000453)

   11.    Barczyk Chiropractic Group – Medical Records (R000001 – R000031)

   12.    Barczyk Chiropractic Group – Billing Records (R000243 - R000247)

   13.    Envision Imaging of Acadiana – Medical Records (R000439 - R000451)

   14.    Envision Imaging of Acadiana – Billing Records (R000436 - R000438)

   15.    Envision Imaging of Acadiana – Radiology (R000452 - R000453)

   16.    Lafayette Bone & Joint Clinic – Medical (R000032 - R000188)

17.     Lafayette Bone & Joint Clinic – Billing (R000189 - R000194)

18.     Lafayette Bone & Joint Clinic – Radiology (R000240 - R000242)

19.     Lafayette Surgical Specialty Hospital – Medical Records (R000458 - R000539)

20.     Lafayette Surgical Specialty Hospital – Billing Records (R000454 - R000457)

21.     Precision Rehab – Medical Records (R000632 - R000707)

22.     Precision Rehab – Billing Records (R000805 - R000815)

23.     Rosewood Rehab – Medical Records (R000787 - R000804)

24.     Rosewood Rehab – Billing Records (R000708 - R000717)

25.     Orthopaedic Reconstructive Subspecialists, LLC (Dr. Paul Fenn)–Medical Records (R000402 - R000421)

26.     Orthopaedic Reconstructive Subspecialists, LLC (Dr. Paul Fenn)–Billing Records (R000431 - R000435)

27.     Internal Revenue Service Tax Records  (R000195 - R000239)

28.     Social Security Administration - Division of Earnings (R000248 - R000255)

29.     Recorded statement of Edward Caranza (ANTHONY RICHARDSON 000302 - 000313)
        *Objections: Hearsay. Also, statement obtained in 2013 and never disclosed in discovery.*

30.     Recorded statement of Carlos Herbert (ANTHONY RICHARDSON 000314 - 000328)
        *Objections: Hearsay. Also, statement obtained in 2013 and never disclosed in discovery.*

31.     Recorded statement of Randy Rodriguez (ANTHONY RICHARDSON 000329 - 000344)
        *Objections: Hearsay. Also, statement obtained in 2013 and never disclosed in discovery.*

32.     Expert report of Dr. Kenneth McCoin (ANTHONY RICHARDSON 000389 - 000391)
        *Objection: Hearsay.*

33.    CV of Dr. Kenneth McCoin (ANTHONY RICHARDSON 000392 - 000396)

34.    Expert report of Dr. Angel Roman (ANTHONY RICHARDSON 000397 – 000429)
       *Objection:  Hearsay.*

35.    CV of Dr. Angel Roman (ANTHONY RICHARDSON 000430 - 000438)

36.    Expert report of Jeff Peterson (ANTHONY RICHARDSON 000359 - 000375)
       *Objection:  Hearsay.*

37.    CV of Jeff Peterson (ANTHONY RICHARDSON 000376 - 000388)

38.    CV of Jack Madeley (ANTHONY RICHARDSON 000345 - 000358)

## **DEFENDANT:**

Defendant, SEACOR Liftboats LLC, may introduce the following exhibits at trial:

1.    SEACOR Near Miss Report dated April 21, 2013
      [SEACOR000001]

2.    Apache Loss Occurrence Report Form dated April 22, 2013
      [SEACOR000003 – SEACOR000005]
      *Objection:  hearsay*

3.    Incident Management Reporting Form dated April 21, 2013
      [SEACOR000006]

4.    Certificate of Inspection for the SEACOR INTERVENTION
      [SEACOR000007 – SEACOR000011]

5.    Photograph of the SEACOR INTERVENTION
      [SEACOR000012]

6.    Blueprints of the SEACOR INTERVENTION
      [SEACOR000013 – SEACOR000046]

7.    Crane Specifications for cranes on board the SEACOR INTERVENTION
      [SEACOR000047 – SEACOR000049]

8.    SEACOR Liftboats LLC SO 501-00 Meeting Log Forms dated April 19, 2013 to April 21, 2013
      [SEACOR000050 – SEACOR000052]

9.     Plaintiff's Personnel File with Greene's Energy Group LLC
       [SEACOR000053 – SEACOR000164]

10.    Plaintiff's Employment Records from Advantage Staffing
       [SEACOR000165 – SEACOR000178]
       *Objection: collateral source rule; Fed. R. Evid. 403*

11.    Plaintiff's Employment Records with Domino's
       [SEACOR000179 – SEACOR000192]
       *Objection: collateral source rule; Fed. R. Evid. 403*

12.    Plaintiff's Employment Records with Labor Finders
       [SEACOR000193 – SEACOR000212]
       *Objection: collateral source rule; Fed. R. Evid. 403*

13.    Plaintiff's Employment Records with Lowe's
       [SEACOR000213 – SEACOR000282]
       *Objection: collateral source rule; Fed. R. Evid. 403*

14.    Plaintiff's Employment Records with Walgreens
       [SEACOR000283 – SEACOR000308]
       *Objection: collateral source rule; Fed. R. Evid. 403*

15.    Rough Logs of the M/V CHASE dated April 19, 2013 to April 21, 2013
       [SEACOR000309 – SEACOR000311]

16.    Greene's Energy Group, LLC Field Tickets dated April 18, 2013 to April 21, 2013
       [SEACOR000312 – SEACOR000315]

17.    Energy Express Services, LLC logs dated April 15, 2013 to April 21, 2013
       [SEACOR000316 – SEACOR000322]

18.    Alliance Offshore, LLC Masters Boat Log dated April 15, 2013 to April 21, 2013
       [SEACOR000323 – SEACOR000329]

19.    Excerpts of SEACOR Liftboats LLC HSE Manual
       [SEACOR000330 – SEACOR000365]

20.    SEACOR Liftboats LLC Lift Boat Daily Master's Log dated April 1, 2013 to
       April 21, 2013
       [SEACOR000366 – SEACOR000407]

21.    SEACOR Liftboats LLC Rough Logs dated March 29, 2013 to April 24, 2013
       [SEACOR000408 – SEACOR000414]

22.     SEACOR Liftboats LLC Behavioral Job Safety & Environmental Analysis forms for Crane Operations on the SEACOR INTERVENTION from April 4, 2013 to April 20, 2013[SEACOR000415 – SEACOR000522]

23.     Medical and/or pharmacy records, reports, diagnostic tests, films, bills, invoices and records from:

   a.     Teche Regional Medical Center [SEACOR000523- SEACOR000585]
   b.     AHS Walk-in Clinic [SEACOR000586 – SEACOR000719]
   c.     Envision Imaging [SEACOR000720 – SEACOR000733]
   d.     Barczyk Chiropractic Group [SEACOR000734 – SEACOR000765]
   e.     Precision Rehabilitation [SEACOR000766 – SEACOR000880]
   f.     Iberia Orthopedic Group [SEACOR000881 – SEACOR000953] (*Objection: Hearsay*)
   g.     Acadiana Orthopedic Group [SEACOR000954 – SEACOR000963] (*Objection: Hearsay*)
   h.     Cerner Imaging [SEACOR000964]
   i.     Our Lady of Lourdes [SEACOR000965 – SEACOR001043]
   j.     Dr. Miguel Garcia [SEACOR001044 – SEACOR001062]
   k.     Rosewood Rehabilitation [SEACOR001063 – SEACOR001090]
   l.     St. Mary's Imaging [SEACOR001091]
   m.     Orthopaedic Reconstructive Subspecialists [SEACOR001092 – SEACOR001128]
   n.     Lafayette Bone and Joint Clinic [SEACOR001129 – SEACOR001319]
   o.     Lafayette Surgical Specialty Hospital [SEACOR001320 – SEACOR001403]
   p.     Dr. Steven Staires [SEACOR001404 – SEACOR001533]

24.     Safety and Training Records of Jed Johnson [SEACOR001534 – SEACOR001599]

25.     Records from Anytime Fitness in response to subpoena duces tecum [SEACOR001600 – SEACOR001606]

26.     Records from Planet Fitness in response to subpoena duces tecum. [SEACOR001607 – SEACOR001623]

27.     Curriculum Vitae of Larry S. Stokes [SEACOR001624 – SEACOR001625]

28.     Curriculum Vitae of Robert Watson [SEACOR001626 – SEACOR001631]

29.     Curriculum Vitae of Kenneth Boudreaux, J. Stuart Wood and/or Dan Cliffe [SEACOR001632 – SEACOR001651]

30.    Curriculum Vitae of Dr. Gordon Nutik
       [SEACOR001652 - SEACOR001653]

31.    Plaintiff's IRS records
       [SEACOR001654 – SEACOR001697]

32.    Plaintiff's Social Security records
       [SEACOR001698 – SEACOR001704]

33.    Surveillance video of the Plaintiff from Deep South Investigations
       [SEACOR001705 – SEACOR001713]
       *Objection: Not previously produced despite being responsive to discovery requests
       (Fed. R. Civ. P 37(c)(1) and Fed R. Civ. P. (d)(3); See also Chiasson v. Zapata Gulf
       Marine Corp., 988 F.2d 513, 517-18 (5th Cir. 1993))*

34.    Videos from Planet Fitness in response to subpoena duces tecum.
       [SEACOR001714]

35.    Photograph of a similar personnel basket
       [SEACOR001715]
       *Objection: Not previously produced despite being responsive to discovery requests
       (Fed. R. Civ. P 37(c)(1) and Fed R. Civ. P. (d)(3); Fed. R. Evid. 403)*

36.    Answers to Interrogatories and Responses to Requests for Production by the Plaintiff
       in this matter.
       [SEACOR001716 – SEACOR001733]
       *Plaintiff does not know which discovery responses Defendant intends to offer into
       evidence. Many discovery responses provide discoverable, but inadmissible,
       information. As a result, Plaintiff reserves the right to object to this exhibit when
       Plaintiff learns which responses Defendant intends to offer.*

## 11.    <u>DEPOSITION TESTIMONY TO BE OFFERED AT TRIAL</u>

### <u>PLAINTIFF:</u>

Plaintiff may use the deposition testimony of any witness who is beyond the subpoena

power of the Court or otherwise unavailable to testify live at trial of this matter.

### <u>DEFENDANT:</u>

SEACOR may use the deposition testimony of any witness who is beyond the subpoena

power of the Court or otherwise unavailable to testify live at trial of this matter.

12.   **CHARTS, GRAPHS, MODELS, ETC.**

**PLAINTIFF:**

Not applicable.

**DEFENDANT:**

SEACOR may (a) use charts, diagrams, enlarged photographs, videos, enlarged exhibits, and/or a multimedia graphics presentation at trial; (b) introduce radiographic films and/or test results of the Plaintiff, as well as a diagram/timeline of the Plaintiff's medical treatment and/or activities since the incident, along with illustrative photos or videos of work performed by the Plaintiff and of the equipment and the vessel at issue in this litigation.

13.   **WITNESSES**

**PLAINTIFF:**

Plaintiff **will call** the following witnesses at trial:

1.     Anthony Richardson, Jr. (plaintiff)
       c/o Arnold & Itkin, LLP
       6009 Memorial Drive
       Houston, Texas 77007
       Richardson will generally testify about the facts of the incident and his damages

2.     Jed Johnson (Defendant's crane operator)
       SEACOR Liftboats, LLC
       3404 Louise Street
       Harvey, LA 70058
       Johnson is expected to testify about the facts of the incident

3.     Kenneth G. McCoin, PHD, CFA (economist)
       7670 Woodway, Suite 171
       Houston, Texas 77063
       McCoin is expected to testify about loss Plaintiff's earning capacity

4.     Jeff Peterson (vocational rehabilitation expert)
       1215 Post Oak Blvd, Suite 8
       Sulphur, Louisiana 70663
       Peterson is expected to testify about Plaintiff's vocational prospects

5.      Angel Roman, M.D., FAAPMR, CLCP (retained medical expert)
        2833 Babcock Road, Suite 110
        San Antonio, Texas 78229
        Dr. Roman is expected to testify about Plaintiff's medical care, medical treatment, diagnosis, the causal relationship of his injuries to the incident, the need for future medical care, and the reasonable cost of past and future medical services provided to him
        *Defendant objects to Dr. Roman testifying concerning anything other than the costs of future medical care, if any, as he is not the Plaintiff's treating physician and any testimony concerning diagnosis, prognosis, causation and restrictions would be cumulative under Rule 403.*

6.      Jack Madeley (liability expert)
        2700 Earl Rudder Freeway S., Suite 2700
        College Station, Texas 77845
        Mr. Madeley is expected to testify about all aspects of liability for the incident in question except those aspects that the Court has previously limited

7.      Dr. Paul Fenn (treating physician)
        301 Rue Beauregard, Suite C
        Lafayette, Louisiana 70508
        Dr. Fenn is expected to testify about his treatment of Plaintiff, his diagnosis, the causal relationship of Plaintiff's injuries to the incident, the need for future medical care, and the reasonable cost of medical services that Dr. Fenn has provided to Plaintiff.
        *Objection:  To the extent Dr. Fenn is deemed a retained expert, the disclosures required by Rule 26(a)(2)(B) were not provided; alternatively, to the extent he is deemed a non-retained expert, the disclosures required by Rule 26(a)(2)(C) were not properly provided.*

Plaintiff **may call** the following witnesses at trial:

8.      Carlos Herbert (fact witness who witnessed the incident)
        608 Colleen Street
        New Iberia, Louisiana
        Mr. Herbert is expected to testify about the facts involved in the incident.

9.      Randy Rodriguez (fact witness who witnessed the incident)
        3618 Liberty Drive
        Corpus Christi, Texas
        Mr. Caranza is expected to testify about the facts involved in the incident.

10.     Edward Caranza (fact witness who witnessed the incident)
        6546 Charme Road
        Bon Secour, Alabama
        Mr. Caranza is expected to testify about the facts involved in the incident.

11.     Any witness necessary to impeach the credibility of another witness.

**DEFENDANT:**

SEACOR *will* call the following witnesses at trial.  In accordance with this Court's prior

orders, a witness list was filed and expert reports have been exchanged:

1.     Jed Johnson
       SEACOR Liftboats, LLC
       3404 Louise Street
       Harvey, LA 70058
       Testimony regarding the circumstances of the incident at issue in this litigation, job
       procedures, safety procedures, the job at issue, and the SEACOR INTERVENTION.

2.     Dr. Gordon P. Nutik
       4224 Houma Boulevard
       Metairie, Louisiana 70006
       Expert Orthopedic Surgeon and IME Physician
       Expert testimony regarding the Plaintiff's complaints; medical treatment
       rendered; diagnostic testing performed; diagnosis; prognosis; causation; medical
       expenses incurred, pre-existing conditions/injuries, impairment and disability, if
       any.

3.     Kenneth J. Boudreaux, Ph.D. or
       J. Stuart Wood, Ph.D. or
       Dan M. Cliffe, CPA
       1424 Bordeaux Street
       New Orleans, LA 70115
       Expert Economists
       Expert testimony regarding the Plaintiff's alleged economic damages.

4.     Larry S. Stokes, Ph.D
       Larry S. Stokes, Ph.D. & Associates
       5020 Utica Street
       Metairie, LA 70006
       Expert Vocational Rehabilitation Counselor
       Expert testimony in the area of vocational rehabilitation regarding the Plaintiff's
       abilities to return to work and earning capacity.

5.     Robert W. Watson
       107 Magee Road
       Franklinton, Louisiana 70438
       Expert in Crane Inspections, Operations and Safe Practices and Procedures

Expert testimony regarding the safety of SEACOR's procedures and training, the cranes onboard the SEACOR INTERVENTION, safe practices and procedures, the Plaintiff's actions, and general industry standards.

SEACOR **may** call the following witnesses at trial.  In accordance with this Court's prior orders, a witness list was filed and expert reports have been exchanged:

1.    Mike Faulkenberry
       SEACOR Liftboats, LLC
       11274 Highway 72
       Ponchatoula, Louisiana 70454
       Testimony regarding the circumstances of the incident at issue in this litigation, job procedures, safety procedures, the job at issue, and the SEACOR INTERVENTION.

2.    Ryan Ross
       627 Highway 653
       Raceland, Louisiana 70394
       Testimony regarding the circumstances of the incident at issue in this litigation, job procedures, safety procedures, the job at issue, and the SEACOR INTERVENTION.

3.    Verlon Bertrand
       Montco, Inc.
       614 Timberstone Drive
       New Iberia, Louisiana 70563
       Testimony regarding the circumstances of the incident at issue in this litigation, job procedures, safety procedures, and the job at issue.

4.    James Dean
       100 Defuniak Street
       Niceville, Florida 32578
       Testimony regarding the circumstances of the incident at issue in this litigation, job procedures, safety procedures, and the job at issue.

5.    K.C. Guidry
       Express Energy Services
       405 West Side, Apartment 43
       Houma, Louisiana
       Testimony regarding the circumstances of the incident at issue in this litigation, job procedures, safety procedures, and the job at issue.

6.    Dr. Douglas Bernard
       Iberia Orthopedic Group
       510 Jefferson Terrace Boulevard
       New Iberia, Louisiana 70560

Medical testimony regarding the Plaintiff's complaints; medical treatment rendered; diagnostic testing performed; diagnosis; prognosis; causation; pre-existing conditions/injuries, impairment and disability, if any.

*Plaintiff objects to Defendant calling Dr. Bernard to testify as he is not a treating physician, but an IME doctor retained by Defendant's indemnitor.  Defendant is already calling one IME doctor to testify on the same topics as Dr. Bernard.  Dr. Bernard's opinions are cumulative and were not properly disclosed under Rule 26.*

7.    Woody Ortego
Precision Rehabilitation
3524 Kaliste Saloom Road
Suite 205
Lafayette, Louisiana 70508
Medical testimony regarding the Plaintiff's complaints; physical therapy treatment provided; functional testing performed; prognosis; impairment and disability, if any.

8.    Dr. Javier Silva
AHS Walk-in Clinic
6011 Ambassador Caffery Parkway
Youngsville, Louisiana 70592
Medical testimony regarding the Plaintiff's complaints; medical treatment rendered; diagnostic testing performed; diagnosis; prognosis; causation; pre-existing conditions/injuries, impairment and disability, if any.

9.    Dr. Rodney Burns
St. Mary's Imaging Center
411 St. Landry Street
Lafayette, Louisiana 70506
Medical testimony regarding the Plaintiff's complaints; medical treatment rendered; diagnostic testing performed; diagnosis; prognosis; causation; pre-existing conditions/injuries, impairment and disability, if any.

10.    Dr. James Godchaux
Envision Imaging
856 Kaliste Saloom Road
Suite B
Lafayette, Louisiana 70508
Medical testimony regarding the Plaintiff's complaints; medical treatment rendered; diagnostic testing performed; diagnosis; prognosis; causation; pre-existing conditions/injuries, impairment and disability, if any.

11.     Dr. Michael Hindelang III
        Envision Imaging
        856 Kaliste Saloom Road
        Suite B
        Lafayette, Louisiana 70508
        Medical testimony regarding the Plaintiff's complaints; medical treatment
        rendered; diagnostic testing performed; diagnosis; prognosis; causation;
        pre-existing conditions/injuries, impairment and disability, if any.

12.     Mark Avery, Charles Matthews,
        Chase Beakley and/or Alex Chisholm
        Deep South Investigations
        1720 Stumpf Boulevard
        Terrytown, Louisiana 70056
        Testimony regarding surveillance of the Plaintiff and his post-incident activities.
        *Plaintiff objects to these witnesses as they were not timely disclosed and the
        surveillance they propose to testify about has not been produced.*

12.     Ethan Smoorenburg
        Anytime Fitness
        1915 Moss Street
        Lafayette, Louisiana 70501
        Testimony regarding the Plaintiff's post-incident activities at Anytime Fitness.
        *Plaintiff objects to this witness as he was not timely disclosed.*

13.     Calvin Ahia
        Planet Fitness
        3559B Ambassador Caffery Parkway
        Lafayette, Louisiana 70503
        Testimony regarding the Plaintiff's post-incident activities at Planet Fitness.
        *Plaintiff objects to this witness as he was not timely disclosed.*

14.     Bryce Breaux
        Planet Fitness
        1800 NE Evangeline Thruway
        Suite OB-J
        Lafayette, Louisiana 70501
        Testimony regarding the Plaintiff's post-incident activities at Planet Fitness.
        *Plaintiff objects to this witness as he was not timely disclosed.*

15.     Any witnesses necessary for purposes of impeachment.

**14.    TRIAL FORMAT**

This is a non-jury trial as to all aspects of the case.

**15.**   **LIABILITY/QUANTUM**

The issue of liability will not be tried separately from that of quantum.

**16.**   **OTHER MATTERS**

The parties are not aware of any other items that might expedite the disposition of the case.

**17.**   **COMMENCEMENT OF TRIAL**

Trial shall commence on Monday, June 15, 2015 at 9:00 a.m. and will have an estimated time of 3 to 4 days.  No previous trial date has been assigned.

**18.**   **PRE-TRIAL ORDER**

This Pre-Trial Order has been formulated after conference at which counsel for the respective parties have appeared in person.  Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing.  Hereafter, this order will control the course of trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**19.**   **SETTLEMENT STATEMENT**

The possibility of settlement of this case has been considered.

New Orleans, Louisiana, this _____ day of May, 2015.


_____
HON. SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

s/ Cory D. Itkin

_____

NOAH M. WEXLER
LA State Bar No. 34995
CORY D. ITKIN (Pro Hac Vice)
Texas State Bar No. 24050808
KELLY M. WOODS (Pro Hac Vice)
Texas State Bar No. 24088676
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas  77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
**COUNSEL FOR ANTHONY RICHARDSON, JR.**

Respectfully submitted,

s/ Timothy W. Hassinger

_____

TIMOTHY W. HASSINGER, T.A. (#25085)
PATRICK J. SCHEPENS (#32240)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3 Sanctuary Blvd., 3rd Floor
Mandeville, Louisiana  70471
Telephone:  (985) 674-6680
Facsimile:  (985) 674-6681
**COUNSEL FOR SEACOR LIFTBOATS LLC**