UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Anthony Richardson, Jr. | § | CIVIL ACTION NO: 2:14-cv-01712-SM-SS |
| *Plaintiff*, | § § § | SECTION "E"(1) |
| v. | § § | |
| SEACOR Liftboats, LLC | § § | |
| *Defendant*. | § § | |

# **Plaintiff's Proposed Findings of Fact and Conclusions of Law**

Plaintiff Anthony Richardson was employed as an offshore technician. His job duties required him to perform work on a liftboat called the SEACOR INTERVENTION. The SEACOR INTERVENTION was operated by Defendant Seacor Liftboats LLC ("Seacor"). On April 21, 2013, he was being lowered from the SEACOR INTERVENTION in a personnel basket by a Seacor crane operator. Two other workers were being lowered at the same time. Richardson alleges he sustained serious injuries when Seacor's crane operator lowered the basket too quickly, slammed it to the deck of the waiting crew boat, and then abruptly lifted the basket in the air. As a result, he filed the instant personal injury action.

The trial was held from June 15, 2015 to June __, 2015. After carefully considering the testimony and exhibits presented at trial, the credibility of the witnesses, the parties' post-trial submissions, and the law, the Court now makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. To the extent that a finding of fact constitutes a conclusion of law, the Court adopts it as such. And,

1

to the extent that a conclusion of law constitutes a finding of fact, the Court also adopts it as such.

I.

**Findings of Fact**

1. Anthony Richardson resides in Patterson, Louisiana. He was born on March 25, 1982.

2. At the time of his incident, he was employed as an offshore technician. In the last full-year he worked prior to his injury, he earned more than $57,000. He was physically healthy and capable of performing all his job duties. Further, he had no pre-existing medical condition that affected his ability to earn income or carry out normal day-to-day activities of living.

3. At all material times, Seacor operated the SEACOR INTERVENTION and employed its crew – including Jed Johnson (the vessel's crane operator).

4. On April 21, 2013, Johnson lowered Richardson, along with two other workers, to the deck of a crew boat via a personnel basket attached to the Seacor crane. There were no mechanical issues with the crane that would make it difficult for a reasonably prudent crane operator to safely lower the basket. Moreover, the weather and sea states were such that a reasonably prudent crane operator could safely lower the basket without incident.

5. However, Johnson lowered the basket at an unusually high rate of speed. This caused the basket to slam to the deck of the crew boat. The crane operator then jerked the basket back into the air. At this time, Richardson's foot became tangled in the netting of the personnel basket, causing Richardson's leg to be abruptly lifted into the air as if he were

doing "the splits."

6. Seacor's witnesses testified that none of this ever occurred. Instead, Seacor's witnesses testified that its crane operator slowly and gently lowered the basket, but the three men on the basket all decided to prematurely leap off the basket for no apparent reason. Richardson denies Seacor's version of events. Three independent fact witnesses (Carlos Herbert, Edward Caranza, and Randy Rodriguez) confirm Richardson's testimony. These witnesses also testified that Richardson did not prematurely leap off the basket.[1] The Court finds these witnesses are more credible than Seacor's witnesses and credits their testimony.

7. The Court finds that Seacor's crane operator was negligent and failed to exercise ordinary care under the circumstances. The Court further finds that no other person or entity acted negligently during the occurrence(s) in question.

8. The Court also finds that Richardson sustained a serious injury in the incident. Seacor's negligence proximately caused his injury and was a substantial factor in causing his injury.

9. Richardson's main injury was to his lower back. He has already undergone more than two years of medical treatment ranging from injections, physical therapy, pain management, medication, and diagnostic testing. His injuries have shown little improvement. The Court believes it is probable that Richardson will need further medical treatment at various intervals for the remainder of his life. The Court finds Dr. Roman's testimony credible on this point and believes Richardson will need physical therapy,

---

[1] There was testimony that one of the other riders jumped off the basket, but he only did so due to fear of the impending crash that was about to occur.

medication, diagnostic testing, and other treatment modalities throughout the years. The Court further finds that, as a result of his injuries, he will never be able to work at any job that requires more than light duty physical labor.

10. The Court also finds that Richardson's injuries have caused him severe pain and great discomfort. Along with the physical pain, Richardson has suffered emotional hardship due to his physical problems and not being able to earn a living.

11. Despite these serious injuries, the Court finds that the "glass is half-full" for Richardson. He has (somewhat) learned to cope with his injuries over the past two years and has periods of time where he has been able to resume some normal activities. But his problems have not diminished entirely. While the Court finds it is probable that Richardson will never fully recover from his injuries, the Court also believes that Richardson is an intelligent and motivated man who will be able to find a sedentary job in the near future. The Court finds that Richardson's post-injury earning capacity is $25,000/year starting on July 1, 2015.[2] This is far less than the $57,000/year he could earn while working offshore (had he not been injured), but it will help Richardson earn *some* income, return to being a productive member of society, and improve his self-image.

12. The credible evidence in this case supports the conclusion that Richardson has sustained actual damages as a result of Seacor's negligence in the amount of $_____ broken down as follows:

    a. $_____ (past and future medical expenses);

---

[2] Richardson has been prohibited from returning to work by his physicians for much of the time since his injury. Moreover, once released to some form of work, it is normal that it would take time for Richardson to find a job as he attempts to transition to a new career. Consequently, the Court finds that his post-injury earning capacity up until July 1, 2015 is $0.

b. $_____ (past and future loss of earning capacity);

   c. $_____ (past and future physical pain, suffering); and

   d. $_____ (past and future mental anguish and emotional distress).

13. The Court also finds that prejudgment interest is appropriate in this case. The Court awards prejudgment interest at the rate of 4.5% per annum on all damages award for past loss to Richardson. The starting date that prejudgment interest shall run from April 21, 2013 until paid. The Court finds that Richardson is entitled to post-judgment interest at the judicial rate from the date of judgment until paid on all elements of recovery. Finally, the Court finds that Ricahrdson is entitled to court costs. Richardson shall submit the costs he believes he is entitled to within fourteen (14) days of the entry of this order.

## II.

### Conclusions of Law

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333, which provides original jurisdiction over admiralty and maritime claims.

2. Venue and personal jurisdiction are not disputed and are therefore established.

3. General principles of negligence guide the analysis of a maritime tort case. *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir.1980). To prove negligence under general maritime law, a plaintiff "must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by the plaintiff and a causal connection between defendant's conduct and plaintiff's injury." *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir.), *cert. denied,* 112 S.Ct. 190 (1991). Under general maritime law, a defendant owes a plaintiff a duty of ordinary care. *Casaceli v. Martech Int'l, Inc.*, 774 F.2d

1322, 1328-29 (5th Cir.1985); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959) ("It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew."). This duty requires a vessel operator to provide a safe means of ingress and egress to (and from) the vessel. *See Lowry v. Overseas Bulk Tank Corp.*, 62 F.3d 397 (5th Cir. 1995).

4. In order to prove causation, the plaintiff must show that the defendant's negligence was a "substantial factor" in causing the plaintiff's injuries. *Id*.

5. "Prejudgment interest is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 214-15 (5th Cir. 2006). "[I]t is generally accepted that, under maritime law, the award of prejudgment interest is 'well-nigh automatic.'" *Id*. at 215. However, pre-judgment interest on future damages is not available. *Id*. The starting date and rate of interest is left to the sound discretion of the Court. *Marathon Pipe Line Co. v. M/V Sea Level II*, 806 F.2d 585, 593 (5th Cir. 1986).

### III.

### Conclusion

On the basis of the above Findings of Fact and Conclusions of Law, the Court finds that Richardson is entitled to $_____ in actual damages from Seacor. Additionally, Richardson is entitled to prejudgment interest at the rate of 4.5% on the above-mentioned past losses from April 22, 2013 until satisfied. Furthermore, Richardson is

entitled to post-judgment interest at the judicial interest rate from the date of judgment until paid on his remaining losses. Richardson is also entitled to recover all properly recoverable Costs of Court

    New Orleans, Louisiana, this \_\_\_\_ day of _____, 2015.

                              _____
                              SUSUE MORGAN
                              UNITED STATES DISTRICT JUDGE

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Noah M. Wexler*_____
Noah M. Wexler
LA State Bar No. 34995
Cory D. Itkin (Pro Hac Vice)
Texas State Bar No. 24050808
Kelly M. Woods (Pro Hac Vice)
Texas State Bar No. 24088676
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas  77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on June 8, 2015, a true and correct copy of this motion was served on all counsel of record by uploading the same to the Court's CM/ECF System.

*/s/ Noah M. Wexler*_____
Noah M. Wexler